UNITED STATES DISTRICT COURT
FFOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **CHAPMAN MERGER AND ACQUISITIONS SERVICES, INC.,** | ) ) ) | **FILED** |
| **Plaintiff,** | ) ) | **JANUARY 2, 2008** MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT |
| v. | ) ) | **PH** |
| **Kevin Signor, Signor Trucking, Inc.** | ) ) | **08 C 32** |
| **Defendants** | ) | **JUDGE SHADUR** **MAGISTRATE JUDGE NOLAN** |

CASE NO. :

### COMPLAINT

Plaintiff, Chapman Merger and Acquisitions Services, Inc. ("Chapman"), by its attorney, Wesley E. Johnson, complains of Defendants Kevin Signor and Signor Trucking, Inc., jointly and severally, and alleges as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction and venue pursuant to 28 U.S.C. §§ 1332 and 1391.

2. Plaintiff Chapman Merger and Acquisitions Services, Inc. ("Chapman") is an Illinois corporation having its principal place of business in Schaumburg, Illinois.

3. Defendant Signor Trucking, Inc. is, upon information and belief, a corporation organized under the laws of the State of Nebraska and has its principal place of business in Norfolk, Nebraska.

4. Defendant Kevin Signor is, upon information and belief, the president of Signor Trucking, Inc., and a citizen and resident of the State of Nebraska.

5. Substantially all of Chapman's relevant acts and actions took place in the State of Illinois.

6. The amount of Chapman's claim is greater than $75,000.

7. Additionally, the defendants have agreed to personal jurisdiction and venue in the state and federal courts of Illinois, and that the agreement between the parties shall be construed in accordance with the laws of Illinois. See Exhibit A, attached hereto.

## Underlying Facts

8. Chapman is a business broker engaged in the business of assisting companies and individuals in the purchase and sale of operating businesses throughout the United States.

9. On or about August 1, 2007, Kevin Signor, Signor Trucking, Inc. and Chapman entered into a written Exclusive Listing Agreement (the "Listing Agreement") for Chapman to provide certain services and for Kevin Signor and/or Signor Trucking, Inc. to pay Chapman a commission under certain specified circumstances. A copy of the Listing Agreement is attached as Exhibit A.

10. Chapman's initial efforts to bring about a sale of Signor Trucking, Inc., its business or its assets included researching Signor Trucking, Inc., developing a marketing strategy, targeting appropriate potential acquirers, preparing a confidential Offering Memorandum, and conducting all other appropriate actions to position Signor Trucking, Inc. for sale.

11. Chapman performed a substantial amount of work that included initial contacts and detailed discussions with potential acquirers of Signor Trucking, Inc., and otherwise ensuring that Signor Trucking, Inc. would receive the highest possible consideration for any sale.

12. When representing a business for sale, Chapman's initial contacts with potential purchasers are through a confidential "Initial Offering Letter," which anonymously describes the business to be sold.

13. The Initial Offering Letter is sent to potential purchasers who have registered acquisition criteria with Chapman which potentially match the business to be sold. The Initial Offering Letter invites interested potential purchasers to request additional information on the business to be sold. Potential purchasers who express such interest are screened by Chapman and potential matches are submitted to the seller of the business for approval to send additional information in the form of an "Offering Memorandum."

14. The "Offering Memorandum" prepared by Chapman is a document that outlines for prospective purchasers the state of the business and the terms and conditions of a

sale of the business in substantial detail and requires substantive cooperation and provision of information by a seller.  Unlike the Initial Offering Letter, the Offering Memorandum identifies the business to be sold.

15. The Listing Agreement reads in part, "Seller agrees that the effort to sell the Business is a collaborative process between the Seller and Chapman and agrees to reasonably cooperate with Chapman in effecting the sale of the Business. Such cooperation shall include providing Chapman with information and documentation on a timely basis and making themselves and the Business reasonably available to representatives of Chapman and potential purchasers for the Business."

16. Although the Listing Agreement required cooperation between Kevin Signor and Chapman, Mr. Signor did not cooperate with Chapman in the sale of Signor Trucking, Inc. in that he failed to collaborate in the draft of the Offering Memorandum despite repeated requests from Chapman.  Mr. Signor did not offer any reason or excuse for the failure to cooperate.

17. Mr. Signor further failed to cooperate by failing or refusing to approve or disapprove sending an Offering Memorandum to potential purchasers.

18. Despite Mr. Signor's refusal to cooperate, Chapman was able to obtain a legitimate offer to purchase Signor Trucking, Inc. However, Mr. Signor failed or refused to respond to the purchase offer and negotiate with the potential purchaser in good faith.

19. Under the Listing Agreement, Kevin Signor agreed that Chapman's commission shall be payable in the event that: "A sale of the Business occurs during the term of this agreement" (Exhibit A, page 1) and that "A sale of the Business is defined as the sale, lease or other disposition of all or any material part of the assets of the Business or of Seller's equity in the Business or assumption of control of the Business to any purchaser, including without limitation co-owners, managers, insiders, employees, affiliates or family members and ESOPs." Exhibit A, page 2.

20. The agreement further states that A commission is also due under the Listing Agreement if Seller enters into a "quasi business agreement" (Exhibit A, page 1) or "quasi-sale type transaction, including without limitation, joint ventures,

21. Additionally, the agreement states that "seller agrees not to do business with a party covered by this agreement unless seller compensates Chapman per the commission schedule for any consideration received from a purchaser regardless of the nature or form of that transaction or business relationship. Seller agrees that the minimum commission would be applicable in this event." Exhibit A, page 1.
22. The Listing Agreement also provides that "seller shall provide Chapman with copies of all correspondence and documents relating to the sale of the business as received. Seller shall instruct its advisers to provide Chapman with copies of all documents relating to the sale of the business at the same time that they are provided to seller.
23. Prior to the end of 2007, Signor Trucking, Inc. and Kevin Signor entered into a transaction which was a sale of the business, quasi business agreement, or quasi-sale type transaction within the meaning of the Listing Agreement. Neither Mr. Signor nor any of his advisers have provided documents or other information to Chapman related to this transaction.
24. Under the Listing Agreement, the commission is based on the total consideration for the business, including "all consideration payable by a purchaser, whether in cash, promissory notes, shares of the purchaser or assumed obligations of the Business, whether for the purchase of stock or assets, and includes the value of any earn outs, covenants, consulting, employment, non-compete, royalty, lease or other agreements that provide value to the Seller," with a minimum commission of $150,000. Exhibit A, page 2.
25. The total consideration received or to be received by Kevin Signor and/or Signor Trucking, Inc. for the transaction is not presently known to Chapman.
26. Chapman demanded that Kevin Signor pay the commission, but Mr. Signor has failed and refused to pay Chapman its commission.

**Breach of Contract**

27. The allegations of paragraphs 1 through 26 are incorporated by reference.
28. Chapman performed the agreed services under the Listing Agreement.

29. Kevin Signor and Signor Trucking, Inc. breached the Listing Agreement by
    a. failing to cooperate in the sale of the business;
    b. failing to provide documents and information required under the Listing Agreement; and
    c. refusing to pay the commission due under the Listing Agreement.
30. The total commission owed to Chapman can only be determined by reference to the total consideration for the sale of Signor Trucking, Inc., but in accordance with Exhibit A, is at least $150,000, plus the cost and attorney fees for this action.

WHEREFORE, plaintiff Chapman Merger and Acquisitions Services, Inc. prays that this Court enter judgment in its favor and against all defendants in an amount to be proven at trial of at least $150,000, plus reasonable costs and attorney fees.

Dated: January 2, 2008

                                            /s/ Wesley E. Johnson
                                    Wesley E. Johnson, attorney for plaintiff
                                    Chapman Merger and Acquisitions Services, Inc.

Wesley E. Johnson
203 N. LaSalle St.
Suite 2100
Chicago, IL 60601
(312) 520-6060
Fax: (773)327-6060
Illinois A.R.D.C # 6225257